L. ALUNA *vs.* S. SELIG. Receiver.

YEONG SAI KONG *vs.* S. SELIG, Receiver.

IN EQUITY.  BEFORE JUDD, C.J.

MARCH, 1887.

A release by a creditor to the administrator of a deceased partner, held to bar a further claim by the creditor against the firm.

The manager of a partnership held entitled to wages from the receiver.

DECISION OF JUDD, C.J.

The above named cases are, by agreement, heard together. One Ahuna, a Chinaman, who was doing business as a trader and rice planter by himself in the district of Waialua, Oahu, and also with one Y. Anin as a rice planter at Mokuleia, in Waialua, under the name of Anin & Ahuna, died intestate on the 7th January, 1886. S. Selig was appointed administrator of his estate in February, and was appointed receiver of the partnership of Anin & Ahuna on March 29th. Soon after his appointment as administrator, Mr. Selig went to Waialua with Anin to examine the papers of Ahuna, deceased, and ascertain the state of the accounts. Through Lau Cheong, the deceased's bookkeeper, an abstract from the books kept in Chinese characters, some 100 in number, was obtained. This abstract presented to the Court does not contain the account of either plaintiff. The respondent proceeded to settle the estate and wind up the partnership. Aluna (plaintiff) returned from China soon after, and early in 1886 presented a claim for some $8000, and brought a suit therefor at the July term, which the administrator, finding proof that some $2000 was really owing Aluna, settled for the sum of $3000, taking from him a release, which will be considered later on. In November, 1885, Aluna presented the claim now sued upon, being for wages as overseer or manager of the rice plantation at Mokuleia, owned by Anin

& Ahuna, at $500 per annum from 1st July, 1882, to 12th March, 1885, which, after deducting sums received from time to time, amounts to $1054.75.

The other plaintiff, Yeong Sai Kong, presented a claim covering the same period for wages as manager and bookkeeper for $500 per annum, which, deducting the sums received by him, amounts to $1,077.85. It is remarkable that, although Mr. Selig was calling for claims not only against the estate of Ahuna, but against the partnership, the claim of Yeong Sai Kong was not presented to him while at Waialua, and no suggestion was made to him of the existence of either of them by Anin the surviving partner, or the bookkeepers, or by anyone. Anin now says they are just claims, and ought to be paid, and that he informed Mr. Selig of them at Waialua. I do not believe this. The bookkeeper (Lau Cheong) says they do not appear in Ahuna's books, though there was an entry of the time they began to be employed, and of the charges against them, but that he was never told what wages, if any, they were to receive, and made no credit to them. The plantations on which they were employed were sold on credit in March, 1885, and went into other hands; but it is clear that no settlement was made of the demand of these plaintiffs for their labor on this plantation. Aluna was Ahuna's brother. Yeong Sai Kong is Anin's cousin, and I think they were employed by the respective partners to look after their respective interests—probably under an understanding that each was to receive from his relative a share in the profits, if it was profitable, or in the amount it sold for when realized upon. This is the most rational way of explaining their silence. But there is no legal proof of this.

The facts remain undisputed that they performed the labor as claimed, and that they have not been specifically paid for it. I do not think the testimony that the stated accounts were presented to Ahuna and approved by him, and passed on to Anin and by him approved, and then passed back to the plaintiffs, is reliable. It is inconsistent with the conduct of plaintiffs as well as that of both Anin and Ahuna. But if the contracts to pay

$500 per annum be not substantiated, I think there is evidence enough that the services were well worth these wages. This case seems to me to be an attempt on the part of these Chinese to prove a good claim by manufactured documentary evidence. But it is urged by respondent's counsel that the release executed by Aluna is an effectual bar to his present claim. It is as follows:

"In consideration of three thousand dollars to be paid to me by S. Selig, administrator of the estate of L. Ahuna within ten days, I do hereby release and discharge the said administrator and estate of and from any and all claims, demands and charges which I or my wife may have against the said administrator or estate from the beginning of the world to date. And I do hereby assign and deliver to the said Selig all notes, debts, choses in action and property, the subject matter of a suit between myself and Selig, which suit is hereby settled and satisfied by these presents. This receipt is in satisfaction of every claim of mine against said estate, equitable or otherwise.

"(Signed)     In Chinese Characters.

"Witnesses: W. A. Kinney, Rich. F. Bickerton.

"Acknowledged at Waialua, Oahu, July 7, 1886."

This release is a satisfaction of every claim of Aluna's against the estate of Ahuna. It would have no different effect if it were made to Ahuna in his lifetime. Now, by the authorities, a partnership debt is, in the consideration of equity, several as well as joint. Collyer Partnership, Sec. 580; Story Partnership, Sec. 362.

"A release between the creditor and one partner will inure to the benefit of the firm.". Collyer, Secs. 606 and 752.

Wilde, J., in *Goodman vs. Smith*, 18 Pick., 416, says: "It is a well established principle that an actual release to one of two joint and several obligors or promisors is a discharge of the debt, and consequently may be pleaded in bar by both of the obligors or promisors; but it is otherwise as regards a covenant to one obligor not to sue." See also *Averill vs. Lyman*, 18 Pick., 351.

The only authority I can find against this view is from 7 Watts & Serg., 317, where the law is stated to be that "a release of all actions and causes of action against J. S. is not a release of a cause of action against a firm of which J. S. is a member." We have not this report, and I can only say that it is not in accord with the current of authorities cited by the text writers.

It is not to the credit of Aluna that he withheld knowledge of this claim from Selig when treating with him for settlement of his claims against Ahuna's estate. General words of release are to be construed most strongly against the releasor, and I am of the opinion that the release pleaded is an effectual bar to the claim of Aluna, and will decree accordingly, dismissing him with costs.

As to Yeong Sai Kong, he may have a decree against the respondent for the amount claimed, with costs.

*Creighton, Hatch* and *Dare,* for plaintiffs.

*S. B. Dole,* for respondent.

Honolulu, March 25, 1887.